AO 106 (Rev. 06/09)   Application for a Search Warrant

# UNITED STATES DISTRICT COURT

## for the

### Northern District of Oklahoma

*FILED*

*Mark C. McCartt, Clerk*
*U.S. DISTRICT COURT*
OCT 10 2018

In the Matter of the Search of
*(Briefly describe the property to be searched*
*or identify the person by name and address)*
2801 Sheridan Road, Bartlesville, OK, multi-story,
single-family residence outbuildings and vehicles which
may be on the curtilage

)
)
)
)
)
)

Case No.  18-mj-132 JFJ

## APPLICATION FOR A SEARCH WARRANT

I, **Special Agent Jonathon Butler**, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
        See Attachment "A":

located in the  __Northern__  District of  __Oklahoma__ , there is now concealed *(identify the person or describe the property to be seized):*

        See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1); | Felon in possession of Firearm |
| 21 U.S.C. § 843 | Causing a Communication Facility to be used in a Felony |

The application is based on these facts:

        **See Affidavit of Special Agent Jonathon Butler, ATF, attached hereto.**

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested
   under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Special Agent Jonathon Butler, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    __10/10/2018__

_____
*Judge's signature*

City and state:  Tulsa, OK

U.S. Magistrate Jodi F. Jayne
*Printed name and title*

## **AFFIDAVIT FOR SEARCH WARRANT**

I, Special Agent Jonathon Butler, being first duly sworn, hereby depose and state as follows:

## **INTRODUCTION AND INVESTIGATOR BACKGROUND**

I am a Special Agent ("SA") with the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), currently assigned to the Tulsa Field Office. I have been employed as an SA with ATF since 2009. I also completed the Criminal Investigator Training Program required by the ATF to be an ATF criminal investigator. I also completed the Special Agent Basic Training Academy required by ATF for all special agents employed by ATF. In connection with my official duties as an ATF Special Agent, I investigate criminal violations of Federal Firearms Laws, Federal Arson Laws, Federal Explosives Laws and Federal Narcotics laws.

During the first six (6) years of my employment with ATF, I was assigned to the Organized Crime Drug Enforcement Task Force (OCDEFT) Task Force where I was responsible for investigating criminal violations of Federal Firearms Laws and the Controlled Substances Act. I have been the affiant for numerous state and federal search warrants. I have been involved in multiple investigations over my career which have resulted in the seizure of controlled substances and firearms, resulting in the successful prosecution of individuals involved. During my career, I have received hundreds of hours of training, including training regarding the investigation of those who are involved in the armed illicit distribution of controlled substances and training regarding individuals who commit fraudulent acts. I have received training and have experience including, but not limited to, working in an undercover capacity, surveillance, management of confidential informants, drug-trafficking conspiracies, money laundering, organized criminal activity

investigations, the preparation and execution of firearm and drug related search warrants and debriefing of informants and witnesses.

As a result of my training and experience I am familiar with the federal firearm and federal narcotics statutes. I know that pursuant to 18 United States Code 922(g) (1) that it is unlawful for any person convicted of a felony to possess a firearm and or ammunition which has traveled in or affected interstate nexus.

As an ATF Special Agent, I have found that prohibited persons hide firearms, ammunition and receipts/invoices related to the acquisition and disposition of firearms in all areas of their property, including but not limited to their residence, outbuildings appurtenances and vehicles. Additionally, individuals who are prohibited from lawfully possessing firearms and ammunition often maintain possession of their illegally possessed firearms and ammunition for long periods of time, often in excess of one (1) year.

As an ATF Special Agent, I know from my participation in the execution of numerous search warrants authorizing the seizure of firearms that those who own and possess firearms and ammunition generally keep them on their persons, in their residences and vehicles, or in places where they store their personal property. The reason owners of firearms generally maintain and preserve them over a long period of time include the facts that firearms are somewhat expensive, there is an administrative delay in buying them (particularly true for prohibited persons who must obtain firearms by subterfuge) and firearms do not easily wear out. In my experience, firearms are not depleted through use, nor are they exchanged immediately after being obtained. Firearms are like expensive tools, which their owners keep and maintain over long periods of time. The reason owners of firearms generally maintain firearms and ammunition in and about their home or vehicles include the fact that possession of them in and about the home or vehicles permits easy

access to the firearms and ammunition.   Additionally, firearms must be maintained in an environment where they be secure from theft, as well as safe from rust and corrosion.   In the residence, in the vehicle and on the person, the firearm is readily available in the event the need for use arises. Furthermore, prohibited persons get firearms that are often the product of burglaries, robberies, and thefts.

I also know that prohibited persons typically utilize counter-surveillance equipment to warn them of possible intruders as well as law enforcement officers, who may be approaching the residence to investigate possible illegal activities.   I have personally observed such equipment present at these residences on numerous occasions.

This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## RESIDENCE TO BE SEARCHED

Based upon my training and experience and the facts set forth herein, there is probable cause to believe that the evidence of violations of Title 18, United States Code, Section 922(g)(1), will be located at **2801 Sheridan Road, Bartlesville, OK** the residence of **Scott A. HOWIE**, as fully described in Attachment "A"; and evidence will be located at the suspected premises described herein, and in Attachment "B", including all storage places, safes, garages, structures and where requested, any automobiles which may be found within the curtilage of said suspected premises.   Attachment "A" and Attachment "B" are attached hereto and incorporated herein by reference.   Furthermore, I know that the aforementioned residence is in the Northern District of Oklahoma.

**2801 Sheridan Road** is the home of Joseph and Carolyn Howie the parents of Scott HOWIE. HOWIE resides in the basement at **2801 Sheridan Road**.

On September 11, 2018, ATF SA Butler met with ATF CI #26967. The CI gave directions and pointed out the house to SA Butler where Scott HOWIE lived. The house identified as **2801 Sheridan Rd.**

ATF SA Butler verified the HOWIE residence through inquires with Bartlesville Police Department (BPD).

On March 10, 2018, Bartlesville Police Department (BPD) Officer Nicholas Gonzalez arrested Scott HOWIE on a municipal warrant #17-0597. HOWIE provided **2801 S. Sheridan Ave, Bartlesville, OK** as his home residence. (BPD Incident report B218001227)

On July 03, 2016, Bartlesville Police Department (BPD) Officer Newell attempted to locate Scott HOWIE at the residence of **2801 Sheridan Road.** Officer Newell was unable to make contact with HOWIE, but advised that HOWIE did live at the residence. (BPD incident B216003085)

On June 22, 2016, Bartlesville Police Department (BPD) obtained a search warrant for **2801 Sheridan Road** the residence of Scott HOWIE. Joseph Howie (Scott's Father) stated to BPD that Scott lived in the basement. (BPD incident B216002908)   A stolen IMac computer was recovered.

On February 4, 2008, BPD executed a State Search Warrant at **2801 Sheridan Road**. The residence of Scott HOWIE. (SW 08 16)  Scott HOWIE was present at the residence during the execution of the search warrant.  Several items were recovered or seized: smoking pipes, empty cans of acetone, denatured alcohol, Coleman fuel, one (1) box containing one (1) bottle of ephedrine, one (1) bottle of red phosphorus, and one (1) bottle of iodine tincture.

### Confidential Informant History

Your affiant met with SA Butler. ATF CI #26967

In 2018, the Confidential Informant, herein referred to as CI, provided BPD Officer Brett Miquelon (MIQUELON) with information that led to the recovery of stolen property.

On February 3, 2018 a burglary of a residence occurred in Washington County, OK Case Number: S218000141.

On or about July 21, 2018, the CI contacted the victims of the burglary. The victims of the burglary contacted Washington County Sheriff's Office (WCSO) Investigator Steve Gardella, who is assigned the burglary investigation. Investigator. Your affiant made contact with the victims of the burglary. While affiant spoke to the victims of the burglary, the CI called the victims. Your affiant listened as the CI claimed to know who committed the burglary. The CI wanted the victims to provide monetary subsistence or some type of job in exchange for the information. The CI said he/she would have to leave town if someone discovered who the CI was. The CI provided the victims of the burglary with his/her name and phone number.

Your affiant and WCSO Investigator Gardella made contact with the CI. The CI provided information of stolen property. This information lead to the issuance of a District Court of Washington County search warrant. This warrant was executed by Washington County Sheriff Office. The search of the property resulted in the recovery of several firearms, ammunition, and several stolen items. A secondary warrant for a storage unit resulted in the recovery of a stolen firearm belonging to the victims of the burglary mentioned in the previous paragraph (Washington County, OK Case Number: S218000141).

On September 26, 2018, BPD Sgt. Glenn McClintock contacted your affiant in reference to the possible possession of a firearm offered for sale by the CI mentioned in this affidavit.

Your affiant in order to substantiate this CI possessed a firearm made an attempt to purchase a firearm from this CI.   The results were negative as communications were never established with the CI in order to complete the purchase.

On September 27, 2018, your affiant and BPD Investigator Daniel Maines arrived at the CI's residence. The CI provided consent for your affiant and Investigator Maines to search their residence and vehicle.   The search revealed three (3) boxes and four (4) rounds of 12 gauge shotgun shells with total amount of seventy nine (79) shells, recovered from a bedroom.  Your affiant did not locate a firearm.

On October 3, 2018, the CI, informed your affiant of a traffic stop by BPD.  The CI stated BPD discovered five (5) Xanax bars in his/her vehicle. Your affiant contacted BPD Sgt. McClintock who verified this information.

Later on this date, October 3, 2018, the CI contacted your affiant. The CI stated that a "friend" needed a ride from a motel (Knights Inn) to a location on the west side of Bartlesville. The CI advised this "friend" possessed 10,000 Xanax bars.  Your affiant advised CI should not provide this "friend" a ride.  Your affiant provided BPD with room a number of the Knights Inn where the person who possessed the Xanax bars occupied.

On October 4, 2018, BPD Officer Steven Silver met with the CI concerning a burglary in Wann, Oklahoma. Your affiant was present during this meeting.  The CI advised they had no information related to the burglary.

During the conversation with this CI, CI advised he is aware of illegal incidents occurring in Bartlesville, as he/she is abusing OxyContin. In attempts to obtain OxyContin the CI meets with several individuals who are committing illegal activities to seek monetary and illegal controlled substances.  The CI stated they are spending up to $100.00/day to purchase OxyContin.

## CRIMINAL HISTORY OF SCOTT A. HOWIE

**Scott A. HOWIE** is a multi-convicted felon and as such prohibited from the possession of firearms and/or ammunition.   Specifically, **HOWIE** has been convicted in CF-2011-240 Possession of Controlled Substance (CS), CF- 2009-114 Possession of CS, CF-2004-422 Bail Jumping, and CF-1999-593 for Feloniously Breaking a Road Block.

## PROBABLE CAUSE

In September 2018, The CI provided information that an individual by the name of Scott HOWIE was in possession of firearms and willing to sell firearms.  The CI also stated that HOWIE sells and uses methamphetamine and marijuana. The CI further stated that the CI was sure that HOWIE was a felon.

On September 14, 2018, debrief of ATF CI #26967 stated that Scott HOWIE was attempting to sell firearms. The CI continued to state that HOWIE had several firearms in his residence.

CI described the following firearms and narcotics to be at HOWIE's.

- Revolver polished chrome (Shiny) with a wood handle.
- Revolver powder grey in color.
- Revolver what CI knows is a Judge. The Judge is a revolver that is capable of chambering both .410 2-1/2" shot shell and .45 caliber ammunition.
- Methamphetamine 1 gallon freezer bag approximately half full.
- Approximately 1 ounce of what CI believed to be black tar heroin.
- Marijuana
- CI stated that he/she has been at HOWIE's 3-4 times in last 30-45 days and has always seen firearms.

The CI stated that on one occasion while at HOWIE's residence that HOWIE sold what appeared to be methamphetamine to an individual the CI only knows as "Henry."

At the direction of your affiant and within the last 30 days, the CI conducted a controlled

purchase of a firearm from HOWIE at 2801 Sheridan Road, Bartlesville, OK. Prior to the CI traveling to 2801 Sheridan Road, the CI and CI vehicle was searched by your affiant. No contraband was located during this search. An audio-recording device was then issued to the CI to wear in a concealed fashion during the controlled purchase. Law Enforcement followed the CI to 2801 Sheridan Road, and observed CI pull into the driveway. The CI made contact with HOWIE and their interactions were audio recorded and monitored by your affiant. The CI was observed leaving 2801 Sheridan Road following the purchase by law enforcement. Your affiant followed the CI to a predetermined location. Your affiant took possession of the firearm that was purchased at law enforcement's direction. The CI and CI vehicle were searched again prior to the CI leaving and no contraband was discovered other than the firearm purchased at law enforcement's direction.

Since this affidavit is being submitted for the limited purpose of enabling a judicial determination of whether probable cause exists to justify the issuance of a search warrant for the described premises, I have not included each and every fact known concerning this investigation to me and others involved in this matter. I have set forth only the facts that I believe are essential to establish the necessary foundation for a search warrant ordering the search of the described premises. Furthermore, I believe there is probable cause that evidence of violations of Title 18 United States Code 922(g)(1) (Felon in Possession of Firearm),  and Title 21 United States Code Section 843 (Causing a Communication Facility to be used in a Felon) will be found at the residence of  **Scott A. HOWIE** located at **2801 Sheridan Road, Bartlesville, OK** within the Northern District of Oklahoma.

Jonathon Butler
Special Agent, ATF


Subscribed and sworn to before me this ____ day of October, 2018.

Jodi F. Jayne,
United States Magistrate Judge

## ATTACHMENT "A"

2801 Sheridan Rd, Bartlesville, OK
Northern District of Oklahoma



The location to be searched is a multi-story, single-family residence as well as any outbuildings and vehicles which may be on the curtilage.  The residence has white siding exterior with black asphalt shingles covering the roof.  The front door of the residence faces to the east. There is a mailbox north of the house near the driveway entrance with the number 2801.  Beginning at the intersection of Nowata Road and Sheridan Road. Turn on to Sheridan Rd and travel in a western direction for approximately 415 feet to the driveway of 2801 Sheridan Rd. Travel up driveway to the residence.

## ATTACHMENT "B"

a. Any all firearms with unknown serial numbers, which firearm(s) are possessed by prohibited individual(s). Any items pertaining to the possession, ownership and/or disposition of any firearm, to include but not limited to gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs and video tapes of firearms or person(s) in possession of firearms, acquisition or ownership documents, and receipts for the purchase and for repair of all of these items

b. Records to establish the persons who control, possession, custody or dominion over property searched and from which evidence is seized, to include but not limited to: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, financial documents, keys, photographs, leases, mortgage bills and telephone answering machine introductions and messages, and all records related to telephone records.

c. Cellular telephones used to facilitate the selling or buying of firearms. In addition the applied-for warrant would authorize the forensic examination of these cellular devices for the purpose of identifying electronically stored data.

d. Surveillance cameras, televisions, scanners, police radios, video, any other equipment used for the detection of police presence.

### ATTACHMENT "A"

2801 Sheridan Rd, Bartlesville, OK
Northern District of Oklahoma



The location to be searched is a multi-story, single-family residence as well as any outbuildings and vehicles which may be on the curtilage. The residence has white siding exterior with black asphalt shingles covering the roof. The front door of the residence faces to the east. There is a mailbox north of the house near the driveway entrance with the number 2801. Beginning at the intersection of Nowata Road and Sheridan Road. Turn on to Sheridan Rd and travel in a western direction for approximately 415 feet to the driveway of 2801 Sheridan Rd. Travel up driveway to the residence.

## ATTACHMENT "B"

a. Any all firearms with unknown serial numbers, which firearm(s) are possessed by prohibited individual(s). Any items pertaining to the possession, ownership and/or disposition of any firearm, to include but not limited to gun cases, ammunition, ammunition magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs and video tapes of firearms or person(s) in possession of firearms, acquisition or ownership documents, and receipts for the purchase and for repair of all of these items

b. Records to establish the persons who control, possession, custody or dominion over property searched and from which evidence is seized, to include but not limited to: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, financial documents, keys, photographs, leases, mortgage bills and telephone answering machine introductions and messages, and all records related to telephone records.

c. Cellular telephones used to facilitate the selling or buying of firearms.  In addition the applied-for warrant would authorize the forensic examination of these cellular devices for the purpose of identifying electronically stored data.

d. Surveillance cameras, televisions, scanners, police radios, video, any other equipment used for the detection of police presence.

2